OPINION OF THE COURT
John P. DiBlasi, J.
As a result of an accident in which petitioner was injured by *906 a car driven by another (the driver) while petitioner was walking along a road with two companions, his action against the driver was settled by the payment of $95,000 to petitioner. Subsequently, petitioner and respondent went to arbitration pursuant to the underinsurance policy provisions of petitioner’s policy issued by respondent.*
Following the arbitration hearing, the arbitrators determined that the full value of petitioner’s case was $126,000. However, they reduced that amount by the sum of $95,000, which they credited toward respondent’s obligation based upon the payment of that amount to petitioner by the driver. The arbitration award does not indicate upon what basis that reduction was deemed applicable.
In this proceeding, petitioner argues that no reduction should have been made in the arbitration award, and that as a result, he is entitled to the full coverage of $100,000 set forth in the underinsurance provision of his policy. In the alternative, he contends that the award should be confirmed in the amount of $31,000, representing the full value of his claim reduced by the $95,000 that he received from the driver. By its cross motion, respondent seeks confirmation of the award in the sum of $5,000, arguing that its $100,000 coverage should be reduced by the $95,000 payment.
At the heart of the issue presented herein is upon what basis the arbitrators determined that their award should be reduced by the $95,000 that petitioner received in settlement with the driver. While both parties agree that the terms of the policy were not before the arbitrators, they both argue the merits of the effect to be given to the offset in payment clause of the policy. Assuming, arguendo, that the arbitrators relied upon that clause in reaching their decision, the court agrees with petitioner that such a determination was erroneous as a matter of law. The offset in payment provision in petitioner’s policy is the same one which this and other courts have held to be unenforceable based upon analysis of the declarations page of the policy (sometimes referred to as Dec Page analysis). (See, Matter of Saladino [Allstate Ins. Co.], NYLJ, May 18, 1995, at 31, col 3; see also, Allstate Ins. Co. v Salcedo, Orange County, Owen J., index No. 1709/95.) Applying Dec Page analysis, this *907 court has held that the policy provision at issue is misleading because no indication of any applicable offset in payment is set forth in the declarations page, notwithstanding that reference is made in that page to reductions in other types of coverage, such as deductibles for collision and comprehensive coverage. (See, Matter of Saladino [Allstate Ins. Co.], supra; see also, Nationwide Mut. Ins. Co. v Baraket, NYLJ, Nov. 17, 1994, at 33, col 5.) Because the court adheres to its view of the unenforceability of the underinsured coverage offset provision in the policy issued to petitioner herein, the court agrees with petitioner that no reduction in the value of his claim could properly have been made on this basis by the arbitrators.
In reaching this conclusion, the court is aware that, as respondent argues, petitioner is receiving a double recovery for his injuries. Nevertheless, underinsurance coverage offset provisions are subject to review by the courts, and when held unenforceable, such a double recovery is the inevitable result. (See, Matter of Brentnall, 194 AD2d 537 [2d Dept 1993].)
Respondent’s alternative argument is that the arbitrators reduced the value of the claim because they gave effect to the common-law rule of damages precluding double recovery, as codified in statutes such as CPLR 4533-b and General Obligations Law § 15-108. The court is not persuaded by this argument. As petitioner notes, these cited statutory provisions relate to claims against multiple tortfeasors. At bar, the issues relate to an arbitration between an insured and his carrier, whose relationship is entirely defined by the terms of the contract between them. (Cf., Matter of Valente v Prudential Prop. & Cas. Ins. Co., 11 NY2d 894 [1991].) In these circumstances, the only offsets that respondent would be entitled to are those which are included in the contract of insurance, and which are enforceable as a matter of law. Whether the court views the arbitrators’ decision as having been made without reference to the policy, or upon the assumption that its under-insured coverage offset provision applied to petitioner’s case, it is clear that the result is the same. The arbitrators erred in crediting respondent with the payment made by the driver to petitioner.
Therefore, the court grants petitioner’s motion to the extent that it modifies the arbitration award by deleting that portion of the award which credits respondent with the payment of $95,000 made to petitioner. (CPLR 7511 [c].) Upon such *908 modification, the court confirms the arbitration award of $126,000 to the extent of $100,000, that being the maximum coverage provided by petitioner’s underinsurance coverage with respondent. In view of this determination, respondent’s motion is denied.

 The parties have previously litigated the issue of the applicability of the underinsurance coverage to the particular type of accident in which petitioner was injured. This issue was resolved in petitioner’s favor, and respondent’s efforts on appeal were unsuccessful.